**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**MATTHEW CHINSKEY**

                               **Plaintiff,**                  **COMPLAINT AND**
                                                                      **JURY TRIAL DEMAND**

    v.

                                                                                **ECF CASE**

**DENIS R. MCDONOUGH, SECRETARY,**
**U.S. DEPARTMENT OF VETERANS AFFAIRS in**
**his Official Capacity, 810 Vermont Ave., NW**
**Washington, DC 20420, DR. FRANK TUMINELLI,**
**Individually and in his Official Capacity, 423 E. 23rd St.**
**New York, NY 10010**

                                **Defendants,**

-------------------------------------------------------------------X

## INTRODUCTION

1. This is an action seeking monetary relief, compensatory, equitable, and punitive damages, disbursements, costs, and fees, for violations of plaintiff's rights brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

2. Plaintiff alleges that defendants wantonly, reckless, negligently, knowingly, and purposefully sought to and did deprive plaintiff of the opportunity for employment and pay through acts of religious discrimination.

3. Plaintiff alleges that defendants intentionally and purposefully discriminated against plaintiff based on his religion and that defendants inflicted emotional distress upon plaintiff, intentionally, and/or negligently.

4. Plaintiff alleges that defendant intentionally and purposefully refused to provide plaintiff with a reasonable religious accommodation and that defendants inflicted emotional distress upon plaintiff, intentionally, and/or negligently.

1

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1334, because this is an action arising under the laws of the United States, specifically Title VII. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b) and 1391(c) and because this is the place where the unlawful employment practices occurred.

*Plaintiff Has Complied with All the Conditions Precedent to File This Action*

6. This Court has jurisdiction over this action because plaintiff exhausted his administrative remedies under Title VII and because it has been more than one-hundred and eighty (180) days since plaintiff filed his Complaint of Discrimination and more than sixty (60) days since he requested a Final Agency Decision ("FAD") but has not been provided with same.

7. Specifically, on or about September 24, 2021, and within forty-five (45) days following the incident alleged herein, plaintiff lodged an informal Equal Employment Opportunity ("EEO") Complaint with the U.S. Department of Veterans Affairs ("VA")'s Office of Resolution Management ("ORM"), which was acknowledged and assigned ORM Case Number 200H-0630-2021105870, on or about October 5, 2021.

8. In addition, on or about September 30, 2021, at the request of ORM, plaintiff's counsel provided ORM with a brief timeline of the events which make up the instant claim.

9. Thereafter, on or about October 5, 2021, plaintiff chose to participate in the VA's Alternative Dispute Resolution ("ADR") program in an attempt to mediate his claims, and said mediation was held on November 4, 2021. However, the parties were unable to resolve the dispute.

10. Likewise, on or about November 5, 2021, the informal counseling on this matter was closed and plaintiff was advised of his right to file a formal complaint of discrimination.

11. Subsequently, on or about November 12, 2021, and within fifteen (15) days of

receiving the Notice of Right to File a Discrimination Complaint, pursuant to 29 C.F.R. § 1614.105(c), plaintiff filed a formal Complaint of Discrimination by way of VA Form 4939 and Addendum, which was acknowledged by ORM on or about December 9, 2021, accepted for investigation by ORM on or about December 16, 2021, and assigned for investigation on or about January 14, 2022.

12. Thereafter, on or about March 9, 2022, plaintiff was provided by ORM with the Investigative Report concerning his claims and advised that he could elect an immediate Final Agency Decision ("FAD") from the VA's Office of Employment Discrimination Complaint Adjudication ("OEDCA") or a hearing before the U.S. Equal Employment Opportunity Commission ("EEOC").

13. On or about March 10, 2022, plaintiff elected a FAD from OEDCA by submitting the ORM Post Investigation Election Form via e-mail.

14. On or about March 14, 2022, plaintiff was notified by ORM that they had received his FAD request and that as a result, his Complaint of Discrimination was being referred to OEDCA for a FAD.

15. However, as of the date of this filing, more than sixty (60) days have elapsed pursuant to 29 C.F.R. § 1614.110(b), and plaintiff has still not received the FAD from OEDCA.

16. In addition, pursuant to 29 C.F.R. § 1614.105(c), more than one hundred eighty (180) days have passed from the date plaintiff filed his formal Complaint of Discrimination and OEDCA has not issued a decision nor has plaintiff agreed to voluntarily extend this time period.

17. As such, pursuant to 29 C.F.R. § 1614.110(b) and 29 C.F.R. § 1614.105(c), plaintiff has the statutory right to file the instant action because he has complied with all conditions precedent to maintaining the instant action but has not received a FAD within one hundred eighty

(180) days from the date he filed his formal Complaint of Discrimination nor within sixty (60) days from the date he requested his Complaint be referred to OEDCA.

## PARTIES

18. Plaintiff MATTHEW CHINSKEY was born and raised on Long Island, New York. Plaintiff adheres to the religion of Judaism. He currently resides in the County of Montgomery in the State of Pennsylvania and sought employment at the VA in 2021 as will be more fully detailed below.

19. Defendant DENIS R. MCDONOUGH is the Secretary of the U.S. Department of Veterans Affairs and has been sued in his Official Capacity.

20. Defendant Dr. FRANK TUMINELLI ("Dr. Tuminelli"), is the Program Director of the Prosthodontist Residency Program at the U.S. Armed Forces, VA NY Harbor Healthcare.

## FACTUAL ALLEGATIONS

21. On or about July 21, 2021, Plaintiff Matthew Chinskey ("Dr. Chinskey") applied for a Prosthodontist Residency Position (PROS440) at VA NY Harbor Healthcare by uploading his personal statement, application, and supporting paperwork.

22. Dr. Chinskey was highly qualified for this position and met all of the necessary qualifications for same.

23. The Prosthodontist Residency Position at VA NY Harbor Healthcare is one of only a handful of prosthodontist residency programs in the country that not only offers residents the opportunity to train to become prosthodontists but also pays them during their three (3) year residency.

24. Dr. Chinskey's late father and brother-in-law are veterans of the U.S. Armed Forces.

25. As a result, U.S. Armed Forces, VA NY Harbor Healthcare was Dr. Chinskey's first choice among all the paid prosthodontist residency programs in the country.

26. In fact, Dr. Chinskey had contacted defendant Dr. Tuminelli, director of the program, on at least two (2) occasions before applying to express interest in the program and requested to visit the hospital, but was unable to due to Covid restrictions.

27. Thereafter, on or about August 19, 2021, Dr. Tuminelli e-mailed Dr. Chinskey and offered him an interview for the position.

28. The interview was scheduled for September 29, 2021.

29. Shortly after receiving that e-mail, plaintiff realized that Dr. Tuminelli scheduled his interview on the Jewish holiday of Shemini Atzeret, a day observant Jews refrain from working and using any kind of technology.

30. Upon realizing this, on or about August 22, 2021, Dr. Chinskey immediately e-mailed Dr. Tuminelli explaining that he could not interview on September 29, 2021, as it was a Jewish holiday, and requested that the interview be conducted on a different date to accommodate his religious observance.

31. In that same e-mail, Dr. Chinskey explained that there were several Jewish holidays in September of 2021 and offered to speak to a member of Dr. Tuminelli's staff to provide them with a list of the dates of all of the holidays so that there would not be any further conflicts.

32. Dr. Chinskey further advised Dr. Tuminelli that he could interview on any day in September, so long as it did not conflict with a Jewish holiday, which he had already indicated there were many in September of 2021.

33. In response, Dr. Tuminelli responded to Dr. Chinskey's e-mail and informed him that he could not possibly make interview dates to avoid all the Jewish holidays, thus recognizing

5

there were several in September that year.

34. Nonetheless, Dr. Tuminelli further advised that he would see about arranging for a virtual interview but that it was not likely to happen.

35. Furthermore, Dr. Tuminelli also stated that if another interview date opened up, he would contact Dr. Chinskey, but that it was unlikely such an accommodation would be made, as there were many very qualified individuals and thus the committee had an ample pool to select from.

36. Dr. Chinskey was shocked and dismayed by Dr. Tuminelli's unwillingness to accommodate him given that throughout his entire schooling and career as a dentist, he was always granted religious accommodations.

37. Nonetheless, because Dr. Chinskey felt passionate about helping veterans and thus the VA NY Harbor Healthcare program was his first choice, on or about August 24, 2021, Dr. Chinskey sent Dr. Tuminelli a follow-up e-mail again requesting an accommodation on account of religious observance for his interview.

38. In response, on or about August 30, 2021, Dr. Tuminelli e-mailed Dr. Chinskey and advised that he has no way to reconvene a committee for one applicant, but he would see if it was possible to schedule a Zoom format interview.

39. Dr. Chinskey was frustrated and aggrieved by Dr. Tuminelli's unwillingness to accommodate his religious practices and was also upset that his only option appeared to be having to choose between his religious beliefs and his dream job.

40. Thereafter, on or about September 20, 2021, in a misguided effort to give Dr. Chinkey another opportunity, Dr. Tuminelli again e-mailed plaintiff and informed him that he could conduct the interview on September 22, 2021.

41. However, it was clear that neither Dr. Tuminelli, nor anyone on his staff took any time to look up when the Jewish holidays were, nor follow up with Dr. Chinskey about what dates were and were not Jewish holidays – as Dr. Chinskey had previously proposed in his e-mail on August 22, 2021 – as September 22, 2021, was the Jewish holiday of Sukkot.

42. As such, Dr. Tuminelli's offer to conduct this interview on September 22, 2021, was in no way an accommodation, as Dr. Chinskey was also unable to interview on that date on account of religious observance.

43. Moreover, had Dr. Tuminelli or someone on his staff reached out to Dr. Chinskey to find out when the Jewish holidays were (as Dr. Chinkey had proposed on August 22, 2021), or even taken a few minutes to do a Google search, they would have been aware that September 22, 2021, would not work.

44. Nevertheless, on or about September 20, 2021, Dr. Chinskey responded to Dr. Tuminelli and advised that this date, September 22, 2021, was also a Jewish holiday and thus he would be unable to interview on that date.

45. Dr. Chinskey further provided a list of the dates of the Jewish holidays in September 2021 and again requested an accommodation on account of religious observance by asking for the interview to be scheduled on any other date in September that was not a Jewish holiday.

46. However, despite Dr. Chinskey's reasonable requests for an accommodation, on or about September 21, 2021, Dr. Tuminelli e-mailed Dr. Chinskey advising that he had tried to accommodate him but could not do so during this cycle.

47. As a result, Dr. Chinskey was precluded from interviewing for his dream job as Dr. Tuminelli refused to schedule an interview on a date that was not a Jewish holiday.

48. Defendants have engaged in unlawful discriminatory and abusive practices against plaintiff because of plaintiff's religion, all in violation of Federal statutes.

49. As a result, plaintiff suffered from embarrassment, humiliation, and emotional stress, along with lost wages and missed opportunities, causing permanent emotional damages.

## COUNT ONE: VIOLATION OF TITLE VII, 42 U.S.C. § 2000e

50. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

51. Defendants discriminated against plaintiff based on plaintiff's religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

52. Plaintiff is a member of the Jewish faith. As such, he belongs to protected classes.

53. As alleged herein, defendants refused to provide plaintiff with a reasonable accommodation to schedule his interview on a date that was not a Jewish Holiday, which were days that plaintiff was unable to attend an interview.

54. Defendants refused to provide this accommodation despite being asked multiple times and plaintiff offering to provide the full Jewish holiday schedule to defendants, which was also easily available online.

55. Specifically, defendant Dr. Tuminelli showed no consideration or care for plaintiff's request for an accommodation and explicitly informed plaintiff he was just not going to be able to interview.

56. As a consequence of defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of Federal laws, plaintiff lost wages, and employment opportunities, was subject to personal humiliation and degradation, and suffered and continues to suffer mental and emotional distress.

57. Plaintiff suffered and continues to suffer irreparable injury and monetary damages, as well as punitive damages, costs and attorneys' fees, and other relief this Court may find just and

proper.

## PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

    a. Back pay and front pay;

    b. Compensatory damages;

    c. Punitive damages;

    d. Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §2000e-5(k);

    e. An Order requiring the VA to ensure future job applicants are afforded religious accommodations when interviewing;

    f. An Order requiring Defendant Dr. Frank Tuminelli, in his capacity as Diplomate and Director of the American Board of Prosthodontics, to recuse himself from any determination about plaintiff's ability to become a board-certified prosthodontist or obtain any type of certification to practice or excel in this profession; and

    g. An Order granting such other legal and equitable relief as the Court deems just and proper.

*JURY DEMAND*

Plaintiff demands a jury trial for all claims stated herein.

Dated: New York, New York
        June 27, 2022

_____
Gerald M. Cohen
Ilyssa S. Fuchs
Cohen & Fitch LLP
*Attorneys for Plaintiff*
110 E. 59th St., Suite 3200
New York, NY 10022
(212) 374-9115

**Serve:**

    **DAMIAN WILLIAMS**
    **U.S. ATTORNEY**
    **SOUTHERN DISTRICT OF NEW YORK**
    **United States Attorney's Office**
    **ATTN: Civil Division**
    **86 Chambers St., 3rd Fl.**
    **New York, NY 10007**

**MERRICK B. GARLAND**
**ATTORNEY GENERAL**
**U.S. Department of Justice**
**950 Pennsylvania Avenue, NW**
**Washington, DC 20530-0001**

**DR. FRANK TUMINELLI**
**VA NEW YORK HARBOR HEALTHCARE SYSTEM**
**423 E. 23rd St.**
**New York, NY 10010**